**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

Civil Action Number:

JUAN CARLOS GIL,

      Plaintiff,

vs.

BERN'S STEAK HOUSE, INC.

      Defendant.

---

## COMPLAINT

---

COMES NOW Plaintiff Juan Carlos Gil ("Plaintiff"), by and through his undersigned counsel, and hereby files this Complaint and sues Defendant Bern's Steak House, Inc. ("Defendant") for injunctive relief, attorney's fees and costs (including, but not limited to, court costs and expert fees) pursuant to Title III of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12181-12189 ("ADA"), 28 C.F.R. Part 36 and alleges as follows:

### INTRODUCTORY STATEMENT

1.     Plaintiff brings this action in Federal Court to stop the exclusion of blind, vision impaired, and low vision patrons of Defendant's business.

2.     Businesses have choices when they offer their services to the public.

3.     Businesses should not operate in any manner that creates discrimination in access to their products and services.

4.     This complaint seeks declaratory and injunctive relief to have Defendant update its policies and practices to include measures necessary to ensure compliance with federal law, to provide auxiliary aids and services for effective communication in Defendant's business so that Plaintiff (who is legally blind) can communicate with Defendant effectively and timely such that his access to Defendant's physical locations is not impeded; as such impediment has rendered Defendant's physical business locations not fully accessible to the visually impaired (such as the Plaintiff).

## JURISDICTION & VENUE

5.     This is an action for declaratory and injunctive relief pursuant to Title III of the Americans With Disabilities Act, 42 U.S.C. §§12181-12189 ("ADA"), 28 U.S.C. § 1331, 28 C.F.R. § 36.201 and to prevent discrimination which includes equal access and effective communications with Defendant's business.

6.     Venue in this Court is proper pursuant to 28 U.S.C. §1391(b) because the Defendant is conducting business within the jurisdiction of this court by virtue of the fact its Website is available to the general public within this district and the acts constituting the violation of the ADA occurred in this District. Further, the Defendant's restaurant is located in the district. In addition, the Defendant is authorized to conduct business within the state of Florida as a Florida for-profit corporation.

7.     Plaintiff seeks declaratory and injunctive relief pursuant to 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

8.     Plaintiff Juan Carlos Gil is a resident of the state of Florida, resides within the Southern judicial district, is *sui juris*, and is disabled as defined by the ADA.

9.     Plaintiff is legally blind and a member of a protected class under the ADA, 42 U.S.C. §12102(1)-(2), the regulations implementing the ADA set forth at 28 CFR §§ 36.101 *et seq.* and in 42 U.S.C. 3602, §802(h).   Plaintiff suffers optic nerve damage and is legally blind. Plaintiff also suffers from cerebral palsy, is unable to walk, and is confined to a wheelchair.  Plaintiff is substantially limited in the major life activity of seeing. Plaintiff's disability is defined in 28 C.F.R. §36.105(b)(2) and §36.105(2)(iii)(B).

10.     Plaintiff is an athlete who travels for his athletic triathlon endeavors, and also is an advocate for the rights of blind and wheelchair bound disabled individuals.[1]

11.      Four years ago, Plaintiff first traveled to Tampa and Plaintiff has traveled back to Tampa many times since.

12.     Plaintiff can only use/comprehend internet content that interfaces with his screen reader software.

13.    In addition, Plaintiff requires that electronic document information in an accessible format such as HTML or an accessible PDF format.

14.    Defendant owns and operates a place of public accommodation which is a world-famous fine dining establishment called "Bern's Steak House" which is located in Tampa, Florida. Bern's Steak House restaurant offer for sale to the public food and drinks which are heretofore referenced as "goods and services."

**FACTS**

15.     Defendant is defined as a "Public Accommodation" within meaning of Title III because Defendant is a private entity which owns and/or operates "[A] restaurant,

---

[1] Juan Carlos Gil has traveled to speak on disabled rights, written letters, and mentored other disabled individuals as well as being  the Plaintiff in the Landmark Historic federal trial over Web Accessibility (*Juan Carlos Gil v Winn Dixie Stores, Inc.* No. 16-cv-23020);  See press release on case: www.prweb.com/releases/2017scottrdinin/06civilrights/prweb14437034.htm

bar, or other establishment serving food or drink," 42 U.S.C. §12181(7)(B) and 28 C.F.R.

§36.104(2).

16. Defendant's Bern's Steak House restaurant is open to the public and is a place of public accommodation subject to the requirements of Title III of the ADA and its implementing regulation as defined by 42 U.S.C. §12181(7)(B); §12182, and 28 C.F.R. Part 36. Defendant's restaurant is also referenced throughout as a "Place of Public Accommodation," "restaurant," or "Bern's Steak House restaurant."

17. Defendant controls, maintains, and/or operates a collection of related web pages, including multimedia content, typically identified with a common domain name, and published on at least one web server; namely the domain located at a website called www.bernssteakhouse.com ("Website").

18. Defendant's Website is offered by Defendant as a way for the public to view Bern's Steak House famous menu online, find out the restaurant location, purchase gift cards, sign up for Bern's Steak House newsletter, and other information the Defendant seeks to communicate to the public. The public can also contact a with a Bern's Steak House service representative from the Website.

19. The Website is an integral part of the goods and services offered by Defendant. By this nexus, the Website is characterized as a Place of Public Accommodation pursuant to Title III, 42 U.S.C. §12181(7)(B) of the ADA[2].

---

[2] "The Department of Justice has long taken the position that both State and local government Websites and the websites of private entities that are public accommodations are covered by the ADA. In other words, the websites of entities covered by both Title II and Title III of the statute are required by law to ensure that their sites are fully accessible to individuals with disabilities." ( See: Statement of Eve Hill Senior Counselor to the Assistant Attorney General for the Civil Rights Department of Justice - Before the Senate Committee on Health, Education, Labor & Pensions United States Senate – Concerning The Promise of Accessible Technology: Challenges and Opportunities – Presented on February 7, 2012.

20.     Defendant's Website is also a public store that is on-line, where the public can view and purchase Bern's Steak House gift cards online and have the Bern's Steak gift cards delivered to one's home. Therefore, the Website is itself a sales establishment which is a Place of Public Accommodation pursuant to 42 U.S.C. §12181(7)(E).

21.     Within Defendant's Website the public can access provided electronic documents on demand. Defendant offers the public access to its electronic documents online though Portable Document Format, which is commonly referred to as "electronic documents" or PDFs."

22.     The electronic documents offered in Defendant's Website were not coded for accessible to screen reader software or provided in an HTLM format.

23.     While visiting Tampa, Plaintiff went to the famous Bern's Steak House to enjoy the dining experience since it is famous for its extensive wine cellar, its food (which is organic, grown especially for Bern's), and its special desert dining room.

24.     Plaintiff was turned away at the valet because he did not have reservations. Therefore, in deciding to patronize Bern's Steak House restaurant, in April of 2019, Plaintiff intended to use the Bern's Steak House Website in order to make a reservation and also to purchase a gift card (refer to the link: https://bernssteakhouse.com/store/). However, when Plaintiff went online, he was unable to complete the transaction.

25.     Defendant's Website was inaccessible so Plaintiff could not (among other things): (1) make a reservation to dine at the restaurant;  (2) learn about the cost of Bern's Steak House food; (3) find out about the menu selection; and (4) learn of the times and dates of operations so he can arrange transportation to Bern's Steak House in Tampa with the intent of enjoying the Bern's Steak House experience.

26.     The failure to obtain the information needed precluded Plaintiff's ability to patronize Bern's Steak House restaurant because, as a blind individual, Plaintiff needs to plan his outings out in detail in order to have the proper financing for a venture, and insure that he arrives at a given location for the desired activity (eating, drinking, shopping, or recreating).

27.     In this Smartphone era (the age of information technology), Defendant's provision of a Website is an essential part of the services offered, and is no different than the customer service which Defendant provides to the public as part of its product and service offering.

28.   Plaintiff has tried and has been unable to access and comprehend Defendant's Website and the electronic documents located therein. By denying Plaintiff the opportunity to comprehend its Website and the electronic documents therein due to Plaintiff's disability (visual impairment), Defendant has denied Plaintiff the opportunity to use the internet to make a reservation for dining at Bern's Steak House restaurant, to purchase a gift card, and to view the food and drink selections in order to plan his meal selection in advance, as accommodations are made available to the public (non-disabled persons and persons who are not visually impaired).

29.     Defendant's Website is not designed with consideration for Universal design. Universal design is necessary so visually impaired individuals who use screen reader software can access the Website[3].

---

[3] "Universal design is the design of products and environments to be usable by all people, to the greatest extent possible, without the need for adaption or specialized design." Kalbag, Laura (2017), by *Accessibility for Everyone*, (p. 5)

30.    Furthermore, Defendant's Website does not have the indication of website accessibility[4].

31.    Plaintiff's inability to communicate with Defendant's business created a *virtual barrier* which resulted in an *effective barrier* to access to Defendant's restaurant has hindered, impeded and inhibited Plaintiff's access to Defendant's physical restaurant location.

32.    Plaintiff's expectation of dining at the famous Bern's Steak House  was vanquished since he could not access Defendant's Website at all to avail himself of the latest services to make a reservation, which Defendant offers to the public.

33.   The fact that Plaintiff could not access the Defendant's Website  and could not comprehend the electronic documents contained therein left Plaintiff excluded from accessing Bern's Steak House and further left him with the feeling of segregation, rejection, isolation, and unable to participate in his own business in a manner equal to that afforded to others who are not similarly disabled.

34.    Plaintiff's inability to fully use Defendant's Website and the electronic documents therein has hindered, impeded and inhibited Plaintiff's access to Defendant's physical restaurant location.

35.    Plaintiff has suffered as a result and has suffered particularized harm and an injury in fact.

36.    Plaintiff cannot make proper arrangements for transportation of himself and his wheelchair to the Bern's Steak House restaurant location at 1208 South Howard

---

[4] 

Avenue, Tampa, Florida 33606, without the ability to make a reservation for dining at the restaurant in advance and to know which goods and services are available online through Defendant's Website. Plaintiff has experienced being turned away at the door of the restaurant and in addition, and (if he decides to dine alone) he faces a great degree of uncertainty at not being able to view Defendant's menu (food and drink) selection in advance which information is available online through Defendant's Website. Because Plaintiff lacks basic understanding of the "*who, what, where, and how*" to physically travel to the famous Bern's Steak House restaurant in Tampa, Plaintiff is effectively denied the ability to physically patronize Defendant's famous restaurant.

37.     Currently, Plaintiff is unable to make an online reservation and become informed about the menu selection online through Defendant's Website. Plaintiff has visited Defendant's Website and has a concrete plan to become a customer of Bern's Steak House restaurant when he is treated like other members of the public, which Plaintiff will commence currently and throughout the coming year (2019).

38.     By denying Plaintiff the opportunity to comprehend its Website and electronic documents therein due to Plaintiff's disability (visual impairment), Defendant has denied Plaintiff the opportunity to participate in (or benefit from) Defendant's goods and services as afforded to the public (non-disabled persons and persons who are not visually impaired).

39. Plaintiff will suffer continuous and ongoing harm from Defendant's omissions, policies, and practices set forth herein unless enjoined by this Court.

40.     On information and belief, Defendant has not initiated an ADA policy for effective communication to insure full and equal use of their business by individuals with disabilities.

41.     On information and belief, Defendant has not provided transparency to the public by disclosing its intent to correct the inaccessibility of its Website and the electronic documents therein.

42.     On information and belief, Defendant has not offered any form of electronic documents in an accessible format for blind or visually impaired individuals.

43.     Thus, Defendant has not provided full and equal enjoyment of the services, facilities, privileges, advantages, and accommodations provided at its restaurant.

44.     All Public Accommodations must insure that their *Places of Public Accommodation* provide **Effective Communication** for all members of the general public, including individuals with disabilities.

45.     On information and belief, Defendant is aware of the common access barriers and barriers to effective communication within its Website and the electronic documents therein which prevent individuals with disabilities who are visually impaired from the means to comprehend the information presented therein.

46.     Defendant and alike restaurants are fully aware of need to provide full access to all visitors to its Website.[5]

---

[5] Major Retailing Trade Magazines have been publishing articles to alert retailer of the need to update their websites in light of current legal trends and cases e.g.
(https://www.digitalcommerce360.com/2016/04/01/web-accessibility-what-e-retailers-need-know/),
 (www.retailingtoday.com/article/lawsuit-highlights-importance-ada-compliance )

47.     Such barriers result in discriminatory and unequal treatment of individuals with disabilities who are visually impaired and result in punishment and isolation of blind and low vision individuals from the rest of society.

48.     Plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs alleged hereinabove and this suit for declaratory judgment and injunctive relief is his only means to secure adequate redress from Defendant's unlawful and discriminatory practices. No price can be put on Plaintiff's inability to investigate, compare and obtain Bern's Steak House food and to purchase a Bern's Steak House gift card for himself.

49.     Notice to Defendant is not required as a result of Defendant's failure to cure the violations. Enforcement of the rights of Plaintiff is right and just pursuant to 28 U.S.C. §§ 2201, 2202.

50.     Plaintiff has retained the civil rights law office of Scott R Dinin, P.A. and has agreed to pay a reasonable fee for services in the prosecution of this cause, including costs and expenses incurred. Plaintiff is entitled to have reasonable attorneys' fees, costs and expenses paid by Defendant Bern's Steak House, Inc.

## COUNT I – VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT

51.     It is irrefutable that the ADA and implementation of ADAAG requires that Public Accommodations (and Places of Public Accommodation) are required to ensure that communication is effective.

52.     According to 28 C.F.R. §36.303(b)(1), auxiliary aids and services includes "voice, text, and video-based telecommunications products and systems."  28 C.F.R. §36.303(b)(2) specifically states that screen reader software is an effective method of

making visually delivered material available to individuals who are blind or have low vision.

53.     Section 28 C.F.R. §36.303(c) specifically states that public accommodations must furnish appropriate auxiliary aids and services where necessary to ensure effective communication with individuals with disabilities. "In order to be effective, auxiliary aids and services must be provided in accessible formats, in a timely manner, and in such a way as to protect the privacy and independence of the individual with a disability," 28 C.F.R. §36.303(c)(1)(ii).

54.     Part 36 of Title 28 of the C.F.R. was designed and is implemented to effectuate subtitle A of Title III of the ADA, which prohibits discrimination on the basis of disability by public accommodations and requires places of public accommodation to be designed, constructed, and altered in compliance with the accessibility standards established by Part 36.

55.     Defendant's Website (together with the electronic documents contained therein) has not been designed to interface with the widely and readily available technologies that can be used to ensure effective communication.

**Defendant's Business is A Place of Public Accommodation**

56.     By virtue of the fact that Bern's Steak House restaurant is open to the public, the restaurant is a place of public accommodation subject to the requirements of Title III of the ADA; 42 U.S.C. §12181(7)(B), (E).  The ADA prohibits any and all barriers which would limit access by the visually impaired to such places of public accommodation.

57.     The virtual barrier to access is just as real as a physical barrier to access, for without information as to goods and services offered by Defendant and the ability to investigate and choose a restaurant and find out even perfunctory information like what food is available at Bern's Steak House, or purchase a Bern's Steak House gift card, the visually impaired have no access to Defendant's restaurant which Defendant offers to the public.

**The Website As A Place of Public Accommodation**

58.     The Courts have held that, when services available on an internet website have a connection to a physical Place of Public Accommodation, that website falls within the ADA's *Place of Public Accommodation* requirement; *Peoples v Discover Financial Services, Inc.*, 2009 WL 3030217, 2 (E.D. Pa. 2009).

59.     Further, the Department of Justice has long affirmed the application of Title III of the ADA to websites of public accommodations[6].

60.     The   www.bernssteakhouse.com   website   is   a   *Place   of   Public Accommodation* pursuant to 42 U.S.C. §12181(7)(B) as it serves as an integral part of Defendant's restaurants by providing the public information on the location of its restaurant, and offers the public the ability to be educated as to the menu selection available at Bern's Steak House, which in turn allows the public to determine if they wish

---

[6] *See generally* Statement of Interest of the United States, *Nat'l Assoc. of the Deaf v. Netflix, Inc.*, 869 F. Supp. 2d 196 (D. Mass. 2012) (No. 3:11-cv-30168), available at www.ada.gov/briefs/netflix_SOI.pdf (discussing the Department's history of public pronouncements on the topic); *see also* Consent Decree, *Nat'l Fed. of the Blind and United States v. HRB Digital LLC and HRB Tax Group, Inc.*, No. 1:13-cv-10799-GAO (entered March 25, 2014), available at www.ada.gov/hrb-cd.htm 0(comprehensive decree governing the accessibility of H&R Block's website); *Settlement Agreement Between United States and Ahold U.S.A. Inc. and Peapod LLC* (11/17/14), available at https://www.ada.gov/peapod_sa.htm (agreement addressing accessibility of online grocery service); Statement of Interest filed by the Department in *Juan Carlos Gil v Winn Dixie Stores, Inc.* No. 16-cv-23020 [DE #23].

to physically patronize Bern's Steak House's physical restaurant location and dine therein.

61.     The Website is also a *Place of Public Accommodation* pursuant to 42 U.S.C. §12181(7)(E) as the public is able to purchase Bern's Steak House gift cards online through the Website (which meets the definition of 'sales establishment').

62.     As delineated above and pursuant to 42 U.S.C. §§12181(7)(B) & (E), Defendant is a *Public Accommodation* under the ADA because it because it owns and/or operates the www.bernssteakhouse.com  website which is defined within §§ 12181(7)(E) & (B), and is subject to the ADA.

63.     It is clear that the ADA applies to the Defendant's Website, as the Website is a *Place of Public Accommodation* for the following reasons: (1) the statutory construction of the ADA demonstrates its applicability is not limited to physical "brick and mortar" locations; (2) Congress' intent was for the ADA to be responsive to changes in technology; and (3) the Department of Justice has interpreted the ADA to apply to websites.

64.     Recent case law supports that the intangible barriers presented within Defendant's Website and electronic documents therein are violative of the ADA. See *Dennis Haynes v Dunkin' Donuts, LLC.* Cir. Case No. 18-10373 11th Cir. (Order Reversed and Remanded So Dist. Fla. Case 0:17-cv-61072-WPD Order) wherein the 11th Circuit Court of Appeals stated that the Dunkin' Donuts website was a service provided by the Dunkin' Donuts stores, which are places of public accommodation, and that the "ADA is clear that whatever goods and services Dunkin' Donuts offers as a part of its place of

public accommodation, it cannot discriminate against people on the basis of a disability, even if those goods and services are intangible." see *id*. at 1281–82, pgs. 5, 6.

65. At the present time and since the Website's inception, Defendant has provided inadequate service, and ineffective communications and services. Plaintiff's injuries are real, have occurred, and are continuing. Plaintiff's injuries will continue to occur until it is absolutely clear that Defendant's policies are brought in line with 2018 expectations of civil rights.

66. No notice is required because under Title III of the ADA, 42 U.S.C. § 12182(b)(1)(A)(II), it is unlawful discrimination to deny individuals with disabilities or a class of individuals with disabilities an opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodation, which is equal to the opportunities afforded to other individuals.

67. Unlawful discrimination includes "a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages or accommodations." 42 U.S.C. §12182(b)(2)(A)(II).

68. Unlawful discrimination also includes "a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage,

or accommodation being offered or would result in an undue burden." 42 U.S.C. §12182(b)(2)(A)(III).

69.     The use of the internet is at the center of daily life because it is 2018, not 1996.

**Barriers to Access**

70.     As a result of the inaccessibility of Defendant's Website and failure of the electronic documents contained therein to Plaintiff, Plaintiff has been denied full and equal access to Bern's Steak House restaurant physical location as Defendant has made available to the public through the information provided on Defendant's Website, in derogation of 42 U.S.C. §12101 et. seq., and as prohibited by 42 U.S.C. §12182 et. seq.

71.     The Website does not offer include the universal symbol for the disabled[7] and the indication of website accessibility[8] which would permit disabled individuals to access the Website's accessibility information and accessibility protocols.

72.     There are readily available, well established guidelines on the Internet for making websites accessible to the blind and visually impaired. Incorporating the basic components to make its Website and electronic documents contained therein accessible would neither fundamentally alter the nature of Defendant's business nor would it result in an undue burden to the Defendant.

---

[7]  ™ , or HTML "Accessibility" link for those individuals who are visually impaired

[8] W3C | WAI-AA WCAG 2.0

**PDF Documents**

73.     Defendant's website contains one or more links to a PDF (electronic document) attachment.   An example of one such link is the Dessert Specialties Menu at www.bernssteakhouse.com/pdfs/Dessert-Specialties-Menu.pdf.  The  PDF  attachment's flat surface does not contain accessible coding. Defendant's electronic documents have not been provided in HTML or with a text equivalent.

74.   The failure of Defendant's electronic documents to be accessible impedes Plaintiff from fully accessing the financial services, goods and accommodations provided by Defendant and in so doing, Defendant has further discriminated against Plaintiff.

**Violations of the ADA**

75.     Defendant is in violation of the ADA by creating barriers for individuals with disabilities who are visually impaired and who require the assistance of interface with screen reader software to comprehend and access websites and electronic documents. These violations are ongoing.

76.     As a result of the inadequate development and administration of Defendant's Website and the electronic documents therein, Plaintiff is entitled to injunctive relief pursuant to 42 U.S.C. §12133 and 28 C.F.R. §36.303 to remedy the discrimination.

77.     Plaintiff contends that even if Defendant had provided a phone number on its Website to assist the visually disabled, this is not equal access. In *Cheryl Thurston v Midvale Corporation et. al.* Case No. BC663214 in the Superior Court of California, County of Los Angeles (May 21, 2018), the Court granted plaintiff Summary Judgment

requiring the defendant to comply with WCAG 2.0 standards finding that "the provision of an email or phone number does not provide full and equal enjoyment of Defendant's website (42 U.S.C. §12181(a), but rather imposes a burden on the visually impaired to wait for a response via email or call during business hours rather than have access via Defendant's website as other sighted customers. Thus, the email and telephone options do not provide communication "in a timely manner" nor do they protect the independence of the visually impaired. (28 C.R.R. §36.303(c)(ii)."

78.     Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff injunctive relief; including an order to:

a)  Require Defendant adopt and implement a web accessibility policy to make publically available and directly link from the homepage of the www.bernssteakhouse.com website to a statement as to the Defendant's policy to ensure persons with disabilities have full and equal enjoyment of the services, facilities, privileges, advantages, and accommodations through its Website.

b)  Require Defendant take the necessary steps to make the Website  readily accessible to and usable by visually impaired users, and during that time period prior to the www.bernssteakhouse.com website's being readily accessible, to provide an alternative method for individuals with visual impairments to access the information available on the Website until such time that the requisite modifications are made, and

c)  Require Defendant to provide the appropriate auxiliary aids such that individuals with visual impairments will be able to effectively communicate with the Website for purposes of viewing and locating Bern's Steak House restaurant (location),

making reservations for dining, and becoming informed of and purchasing Bern's Steak House gift cards, viewing  Bern's Steak House menu online, and of viewing electronic documents provided to the public within Defendant's Website. During that time period prior to the Website's being designed to permit individuals with visual impairments to effectively communicate,  requiring Defendant to provide an alternative method for individuals with visual impairments to effectively communicate so they are not impeded from obtaining the goods and services made available to the public through Defendant's Website and through Defendant's physical location.

79.      For all of the foregoing, the Plaintiff has no adequate remedy at law.

## DEMAND FOR RELIEF

**WHEREFORE,** Plaintiff Juan Carlos Gil hereby demands judgment against Defendant Bern's Steak House, Inc. and requests the following injunctive and declaratory relief permanently enjoin Defendant from any practice, policy and/or procedure which will deny Plaintiff (and other individuals with visual impairments) equal access to, and benefit from Defendant's services, programs, activities and facilities, as well as:

a) The Court issue a declaratory judgment that Defendant has violated Plaintiff's rights as guaranteed by the ADA;

b) The Court enter an Order requiring Defendant to update its www.bernssteakhouse.com website to remove barriers in order that individuals with visual disabilities can access the Website and effectively communicate with the Website to the full extent required by Title III of the ADA;

c) enter an Order requiring Defendant to update all electronic documents made available to the public to remove barriers in order that individuals with visual disabilities can access the electronic documents to effectively communicate with Defendant to the full extent required by Title III of the ADA;

d) pursuant to 42 U.S.C. § 12188(a)(2) and 28 CFR § 36.504(a), enter an Order for permanent injunction which directs Defendant to take all steps necessary to bring the electronic documents which it provides on its electronic media into full compliance with the requirements set forth in the ADA, and its implementing regulations, so that all Electronic documents are fully accessible to, and independently usable by, blind and low sighted individuals, and which further directs that the Court shall retain jurisdiction for a period to be determined to ensure that Defendant has adopted and is following an institutional policy that will in fact cause Defendant to remain fully in compliance with the law;

e) The Court enter an Order requiring Defendant to clearly display the universal disabled logo[9]  and sign of website accessibility[10] (standard WCAG 2.0) within its Website.  Such a clear display is to insure that individuals who are disabled are aware of the availability of the accessible features of the www.bernssteakhouse.com website;

---



[9]

[10]

f) The Court enter an Order compelling Defendant to contract with an independent ADA expert/consultant for the purposes of that ADA expert/consultant review Defendant's policies, practices and procedures for five years commencing from the date of the Court's Order to insure that Defendant is in compliance with the ADA;

g) The Court enter an order requiring Defendant to provide ongoing support for web accessibility by implementing a website accessibility coordinator, a website application accessibility policy, and providing for website accessibility feedback to insure compliance thereto;

h) enter an Order requiring Defendant retain a qualified consultant acceptable to Plaintiff ("Mutually Agreed Upon Consultant") who shall assist it in improving the accessibility of its electronic documents so they are accessible to individuals with visual disabilities;

i) require Defendant engage a (mutually agreed upon) Consultant to perform an automated accessibility audit on a periodic basis to evaluate whether Defendant's electronic documents continue to be accessible to individuals with visual disabilities;

j) The Court enter an Order directing Defendant to evaluate its policies, practices and procedures toward persons with disabilities, for such reasonable time so as to allow Defendant to undertake and complete corrective procedures to the Website;

k) The Court award damages in an amount to be determined at trial;

l)  The Court to award Plaintiff reasonable litigation expenses and attorneys'

    fees; and

m) That the Court award such other and further relief as it deems necessary,

    just and proper.

    Dated this 17th day of April, 2019.

Respectfully submitted,

_s/Scott Dinin_
Scott R. Dinin, Esq.
Scott R. Dinin, P.A.
4200 NW 7th Avenue
Miami, Florida 33127
Tel: (786) 431-1333
inbox@dininlaw.com
_Counsel for Plaintiff_